Whaley, Judge,
delivered the opinion of the court:
This is a motion made by the defendant to be relieved of a certain fact which appears in the stipulation of facts entered into between the plaintiff and the defendant.
It appears that the plaintiff and the defendant entered into a stipulation whereby it was agreed that certain facts could be taken as true and correct, and that certain other facts in the case would be proved by the testimony of witnesses. During the taking of this testimony it developed that considerable doubt was thrown on the accuracy of one of the material facts in the case which had been stipulated, and the defendant now comes before this court asking to be relieved from the binding effect of the stipulation, in so far as this fact is concerned, on the ground that it was inadvertently and mistakenly agreed to.
It is always the policy of the courts to encourage litigants to enter into a stipulation of the facts of a case and thereby save time, trouble, or expense; but at the same time it is equally important that the true facts of each case should be known, because only in this way can real justice be granted. A material fact stipulated which is not correct and true may result in causing the case to be decided in the wrong way. If either party were to be held strictly to the stipulation, *527 when the testimony of witnesses showed that certain of the stipulated facts were not true, or that grave doubt was thrown on those facts, it would be extremely difficult to get litigants to enter into a stipulation.
The plaintiff objects to the motion of the defendant on the ground that the Government had ample time and full opportunity to investigate and check the stipulation before signing, and therefore it is too late at this period of the litigation for it to be relieved of its agreement. We do not think that this is the correct way of viewing this matter. The object and aim of all courts is to do justice, and justice can not be done unless the real facts of the case are known.
It was advantageous to the plaintiff to have the defendant enter into a stipulation but at the same time it should not be used by the plaintiff as a pitfall for the defendant. “ Every great measure of advantage has its measure of disadvantage,” and in this case, where it appears that the defendant will be put to a great disadvantage should it be held strictly to the stipulation, when serious uncertainty has been thrown on the accuracy of one of these facts so agreed to, it would appear that the ends of justice justify relief. Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 444.
Without passing on what the evidence of the case discloses, we feel that the motion of the defendant should be granted and it is therefore
Ordered, That the commissioner to whom this case is assigned, and before whom it is now pending, take the testimony and report the true facts as to whether or not the William F. Mosser Company, of Boston, Massachusetts, filed an income and/or excess-profits tax return for the year 1917.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, GMef Justice, concur.